IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STEWART,<br><br>    Petitioner,<br><br>  v.<br><br>RODERICK Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>    Respondent.<br>                                                 / | No. C 05-04144 WHA<br><br>**ORDER (1) DISMISSING CERTAIN CLAIMS, 2) ALLOWING AMENDMENT OF PETITION TO DEMONSTRATE EXHAUSTION OF STATE REMEDIES and CURE DEFICIENCIES, and 3) DENYING REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

Petitioner Richard Stewart, a state prisoner, is serving a sentence of life in prison following his conviction for three first-degree murders. With the assistance of two attorneys, he seeks release from custody by way of federal habeas corpus relief. *See* 28 U.S.C. 2254. Petitioner is not entitled to relief on two of his claims: (1) that it was error for the trial court not to grant immunity to a potential defense witness and (2) that the court violated the Constitution by refusing to tell jurors that the prosecutor but not the defense attorney could grant witnesses immunity from prosecution. Those claims are **DISMISSED**, although petitioner may amend his application to correct those deficiencies. Petitioner also has stated claims alleging ineffective assistance of counsel. No showing has been made, however, that the exhaustion requirements of 28 U.S.C. 2254(b)(1) have been met as to those claims. The Court therefore **REQUESTS**

1  **THAT PETITIONER AMEND THE APPLICATION** to demonstrate exhaustion, if possible.

2  Petitioner has not supported his request for judicial notice. It therefore is **DENIED**.

**STATEMENT**

Petitioner was convicted in Superior Court on three counts of premeditated murder upon his mother, stepfather and their boarder. The jury also found true separate contentions that petitioner committed a multiple murder, used a gun to commit the offenses. He also was convicted of attempted arson and possession of a concealable firearm by a felon. He admitted that he had spent two prior terms in prison. Petitioner was sentenced to death on each count but the the California Supreme Court later overturned the penalty. The sentenced was fixed at life in prison. Final judgment was entered in February 2005, fixing the sentence at life in prison without possibility of parole. *People v. Stewart*, 33 Cal. 4th 425, 431, 433, 522 (2004). Petitioner filed the instant federal petition for writ of habeas corpus October 13, 2005.

**ANALYSIS**

1. **JUDICIAL NOTICE.**

Petitioner asks for judicial notice of the transcripts and other court records in *People v. Stewart*. A court is not required to take judicial notice of adjudicative facts unless a party supplies the necessary information to decide the request. FRE 201(d). In this case, petitioner has not supplied the relevant court records and transcripts. The Court therefore is not required to take judicial notice of them. Furthermore, the Court declines to exercise its discretionary power to take judicial notice of the documents. *See* FRE 201(c) (discretionary power).

2. **STANDARD OF REVIEW.**

Persons in custody pursuant to a state judgment may be granted a writ of habeas corpus if they are held in violation of the Constitution, laws or treaties of the United States. They must, however, first meet certain requirements. They must exhaust avenues for direct appeal in state court, or demonstrate that such appeals either are not available or are not effective. The petitioner must also establish that, as to any claim decided on the merits, either (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable

determination of the facts in light of the evidence presented in state court. 28 U.S.C. 2254(a), (b)(1), (d).

A state court's decision is "contrary to" federal law if it fails to apply the correct Supreme Court authority or if it applies it incorrectly to a case involving facts "materially indistinguishable" from those in the controlling decision. A state court's decision involves an unreasonable application of federal law if it applies the governing Supreme Court rule to a new set of facts in a way that is objectively unreasonable, or if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 405–12 (2000).

A court must either issue the writ or direct the respondent to explain why one should not be granted, "unless it appears from the application that the [petitioner] is not entitled" to release. 28 U.S.C. 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Rule 4, Rules Governing Petitions for Writs of Habeas Corpus under 28 U.S.C. 2254.

Dismissal of a claim without requiring a response or holding a hearing is appropriate where the claim has no legal validity. In *Gutierrez v. Griggs*, 695 F.2d 1195, 1199 (9th Cir. 1983), for example, the Ninth Circuit upheld the district court's summary dismissal of claims that the state court violated defendant's due-process rights by not giving certain jury instructions related to duress. The Ninth Circuit held that the facts, as stated by petitioner, showed that he was not entitled to duress instructions because his life was not in imminent or immediate danger, as required by California law. *See also Frank v. Mangum* 237 U.S. 309, 332 (1915) ("duty of the court to refuse the writ if it appeared from the petition itself that appellant was not entitled to it"). Similarly, in *Johnston v. McDonald*, 157 F.2d 275, 276 (9th Cir. 1946), the court held that the petition should have been denied when it appeared "from the petition itself" that the applicant was not entitled to the writ. Summary dismissal is appropriate, however, only when the factual allegations in the petition are vague, conclusory, palpably incredible or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

3

Petitions for writs of habeas corpus may be denied on the merits notwithstanding failure of the applicants to exhaust the effective state remedies available to them. 28 U.S.C. 2254(b)(2). Even if a petition is insufficient, however, "it may be amended in the interest of justice." *Holiday v. Johnston*, 313 U.S. 342, 350 (1941).

### 2.  PETITIONER'S CLAIMS.

#### A.  Failure to Immunize Witness.

Petitioner claims that a writ should issue because the trial court and prosecutor refused to grant immunity to a potential defense witness who invoked the Fifth Amendment right against self-incrimination. The witness, Maurice Solvang, allegedly told a defense investigator that his previous statements to police blaming petitioner for the killings were false and that Mr. Solvang himself was "possibly" the killer. Petitioner claims that the lack of immunity violated his Fifth, Sixth and Fourteenth Amendment rights.[1]

Petitioner moved the trial court to grant immunity to Mr. Solvang, claiming that his testimony would be exculpatory and that the prosecution impermissibly had interfered with the defendant's constitutional right to call him to the stand. The trial court denied the motion. The state Supreme Court upheld the judge's decision, stating that there was a strong governmental interest against granting immunity. The Supreme Court stated that this interest included the government's possible desire to be able to prosecute Mr. Solvang himself for the killings and to prevent perjury by him (he had given conflicting accounts of the charged crimes). Even if he were granted use immunity, so that the prosecution was only barred from using his testimony and any fruits thereof against him, the prosecution would have been required at any future prosecution to prove that evidence was not derived from the immunized testimony. Use immunity also would have inhibited the prosecution's cross-examination in the instant case, because it presumably would have wanted to limit the scope of the immunized testimony. The Supreme Court also held that there was insufficient evidence to establish that the prosecution

---

[1] All further factual statements and legal contentions are taken from the petition and its supporting memorandum, unless otherwise indicated.

4

1    had treated Mr. Solvang in a way that effectively discouraged him from testifying.  33 Cal. 4th
2    at 468–72.
3          Petitioner claims that the trial was intentionally distorted when the state relied heavily
4    on circumstantial evidence provided by immunized witnesses but did not grant immunity to Mr.
5    Solvang, who purportedly could have contradicted those government witnesses.  Petitioner
6    suggests that, by refusing to grant Mr. Solvang immunity, the state effectively deprived
7    petitioner of exculpatory evidence.  Petitioner does not assert directly in his petition that the
8    state pressured Mr. Solvang not to testify or otherwise did anything to suppress his testimony or
9    to encourage him not to testify.  This order nevertheless assumes that petitioner incorporates in
10   this claim his previous contentions before the California Supreme Court that prosecutors
11   impermissibly interfered with his constitutional right to call Mr. Solvang as a witness.
12         In support of this claim, petitioner cites three U.S. Supreme Court decisions.  None
13   provides any support.
14         In *Davis v. Alaska*, 415 U.S. 308, 317–21 (1974), the Supreme Court held that a rule
15   barring cross-examination of a witness on his juvenile probationary record unconstitutionally
16   deprived the accused of his right to challenge the credibility of a witness against him.  The
17   Supreme Court held further that the privacy interest protected by the state rule could not trump
18   the accused's confrontation rights.  In *Chambers v. Mississippi*, 410 U.S. 284, 285–294, 298
19   (1973), one man was charged with a murder but there was significant evidence that another man
20   actually committed it.  The state court refused, in keeping with its evidentiary rules, (1) to allow
21   the accused to cross-examine the other potential suspect and (2) to allow apparently reliable
22   hearsay evidence supporting the theory that the uncharged man was responsible for the killing.
23   The Supreme Court held that the combined operation of these rules deprived the accused of his
24   due-process right to examine witnesses against him.  In *Washington v. Texas*, 388 U.S. 14,
25   14–17, 23 (1967), the Supreme Court held that the due-process clause was violated when Texas
26   denied the accused compulsory process for obtaining witnesses in his favor.  The trial court had
27   barred the accused from calling a witness, solely on account of the witness's role as an
28   accomplice to the crime.

5

1    None of these Supreme Court decisions provides a basis for arguing now that there is Supreme Court authority requiring state courts or prosecutors to give immunity to potential defense witnesses. Indeed, none of them even mentioned immunity. They therefore provide no support for petitioner's the claim that the state court made a decision contrary to, or involving an unreasonable application of, *clearly established federal law, as determined by the Supreme Court*. 28 U.S. 2254(d)(1) (emphasis added). This order assumes that petitioner also alleges that the state-court decision that there was no prosecutorial misconduct was unreasonable. Even so, there would be no legal basis for alleging that a grant of immunity was therefore required.

Petitioner also cites three Ninth Circuit decisions concerning defense-witness immunity: *United States v. Lord*, 711 F.2d 887 (9th Cir. 1983); *United States v. Westerdahl*, 945 F.2d 1083 (9th Cir. 1991); and *United States v. Brutzman*, 731 F.2d 1449 (9th Cir. 1984). None of these opinions rested their holdings on Supreme Court caselaw. Furthermore, all were federal prosecutions and issued prior to the 1996 revision of the habeas statute, which added the "clearly established . . . as determined by the United States Supreme Court" requirement. They therefore now provide no controlling authority in the instant case.[2]

Without any basis for alleging that the defense had a clearly established right to immunity for Mr. Solvang, petitioner fails to make out a viable habeas claim. The state Supreme Court's affirmance of the trial court denial of the motion for immunity clearly was not contrary to, nor did it involve an unreasonable application of, Supreme Court caselaw. This claim therefore is **DISMISSED**, with leave to amend the petition to state a valid claim.

### B.   Failure to Inform Jury that Only Prosecutor Could Grant Immunity.

Petitioner claims that his Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court refused to inform jurors that the prosecution has the "exclusive and sole

---

[2] There are two additional Supreme Court decisions that, although not cited by petitioner, address immunity issues. Neither of them, however, lends support to the notion that constitutional due process requires grants of immunity — even if the prosecutor engages in misconduct. *Murphy v. Waterfront Commission of New York Harbor*, 378 U.S. 52, 79 (1964), held that when either a state or the federal government grants immunity to a witness, the protections must also apply against any prosecution by the other sovereign. Thus, state immunity prevents federal prosecution based on that testimony, and vise versa. That holding was based on the right to protection against self-incrimination. *Simmons v. United States*, 390 U.S. 377, 394 (1968), held that defendants' testimony at Fourth Amendment suppression hearings cannot be used against them at trial. The holding was intended to prevent a defendant from having effectively to give up his Fourth Amendment rights.

6

power to grant immunity to witnesses." He states that such an instruction would have benefitted him because it would have suggested to jurors that Mr. Solvang did not testify because the state did not grant him immunity and that, if it had, Mr. Solvang would have presented exculpatory testimony.

Petitioner cites only one Supreme Court decision in support of the proposition that due process ever requires the court to permit the accused to present the jury with information on a subject by way of a court instruction. In *Simmons v. South Carolina*, 512 U.S. 154, 154, 171 (1994), the jury asked whether the accused would be eligible for parole if sentenced to life in prison, rather than death. The trial court refused to answer in the negative, despite a defense request to do so. The Supreme Court held that the trial court was required to instruct the jury that, even if it chose not to impose the death penalty, the accused would never go free on parole. The justices held that this instruction was required because the future dangerousness of the accused was at issue in sentencing.

This decision in no way supports the notion that the judge in the instant case was required to tell jurors how decisions about immunity were made. Unlike the issue in *Simmons*, the question of immunity did not go directly to any factor before the jury. No credible argument can be made that *Simmons* clearly established a rule requiring instructions on immunity in a case such as the one at bar.

In addition to *Simmons*, petitioner cites another opinion that provides no support for this claim. *Crane v. Kentucky*, 476 U.S. 683, 684, 688, 691 (1986), state courts had excluded evidence of the conditions under which the accused had confessed to the charged crime. They held that exclusion was proper because the evidence went to the voluntariness of the confession, which had been resolved in the state's favor during pretrial hearings. The Supreme Court, however, noted that the evidence was also relevant to the credibility of the confession, an issue to be determined by the jury. This decision thus has nothing to do with whether or not a court is required to give a particular jury instruction.

This claim is **DISMISSED** because it does not assert any violation of or unreasonable application of a constitutional rule clearly established by Supreme Court caselaw, as required by

7

28 U.S.C. 2254.  Furthermore, there is no allegation that this decision was based on an unreasonable factual determination.  28 U.S.C. 2254(d).  Petitioner is, however, **GRANTED LEAVE TO AMEND** the petition to state a valid claim, if possible.

### C. Ineffective Assistance of Counsel Claims

Petitioner claims that a writ should issue because his counsel, the Contra Costa Public Defender's Office, simultaneously or previously represented a key prosecution witness and Mr. Mr. Solvang.  He also claims that his rights were violated because his counsel did not seek to introduce evidence suggesting that Mr. Solvang might have been the killer.

A petitioner has the burden of asserting exhaustion of state remedies.  *Darr v. Burford*, 339 U.S. 200, 218–19 (1950).  Petitioner has not submitted any documentation or allegation that these claims were exhausted in California courts, that there is no corrective process available from the state or that such process exists but would not be effective to protect petitioner's rights, as required by 28 U.S.C. 2254(b)(1).  Furthermore, the California Supreme Court opinion does not address these issues.  *See* 33 Cal. 4th 425.

Petitioner is **ORDERED TO AMEND** the petition to make clear, if possible, how the requirements of 28 U.S.C. 2554(b)(1) have been met as to the ineffective assistance of counsel claims.  *See* 28 U.S.C. 2242 (amendment of petition allowed if in conformity with Federal Rules of Civil Procedure).

### CONCLUSION

Petitioner is **ORDERED TO AMEND** the petition by noon, January 20, 2006.  If neither an amended petition nor an application for an enlargement of time is filed by then, the petition will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  December 21, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE