IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STEWART,<br><br>    Petitioner,<br><br>  v.<br><br>JEANNE S. WOODFORD, Acting Secretary, California Department of Corrections and Rehabilitation,<br><br>    Respondent.<br>                                                 / | No. C 05-04144 WHA<br><br>**REVISED ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Richard Stewart is serving fifty years to life in California state prison. In his amended petition and the accompanying memorandum, he has stated valid claims under 28 U.S.C. 2254. The government is **ORDERED TO ANSWER** the petition. Petitioner again has not supported his request for judicial notice. It therefore is **DENIED**.*

## STATEMENT

Petitioner was convicted in Superior Court on three counts of premeditated murder upon his mother, stepfather and their boarder. The jury also found true separate contentions that petitioner committed a multiple murder and used a gun to commit the offenses. He also was convicted of attempted arson and being a felon in possession of a concealable firearm. He

---

* The operative petition in this action was filed January 20, 2006. This order to show cause originally was filed January 31, 2006. The order never was served upon respondent. The order now is amended and reissued to rectify the situation.

1 admitted that he had spent two prior terms in prison. Petitioner was sentenced to death on each
2 count but the California Supreme Court later overturned the penalty. Final judgment was
3 entered in February 2005, fixing the sentence at life in prison without possibility of parole.
4 *People v. Stewart*, 33 Cal. 4th 425, 431, 433, 522 (2004). This Court dismissed Mr. Stewart's
5 first petition for a writ of habeas corpus but granted leave to amend. The amended petition was
6 filed January 20, 2006.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner argues that his due-process rights were violated because, in two separate ways, he was denied the opportunity to put on a full defense. *First*, the prosecutor and the trial court refused to immunize a potentially exculpatory witness, despite the prosecution's reliance on the testimony of an immunized witness. *Second*, the trial judge refused to instruct the jury that the prosecutor but not defense counsel could immunize witnesses, an instruction that might have explained to jurors why the potentially exculpatory defense witness had not testified.

Petitioner also argued that he suffered from ineffective assistance of counsel in two ways. *First*, he argues that his trial attorney had a conflict of interest because his office also was representing two witnesses with interests adverse to those of petitioner. *Second*, he argues that his trial counsel improperly failed to introduce certain exculpatory evidence.

In his amended petition, Mr. Stewart has stated valid claims. The state therefore must answer.

2

**CONCLUSION**

The **CLERK SHALL SERVE** respondent and respondent's counsel with a copy of the amended petition, all attachments to it and this order.  **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY MAY 22, 2006, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b).  The record must be indexed.  If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF THE FILING OF THE ANSWER**.  Petitioner's request for judicial notice is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 27, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE