IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD STEWART,

    Petitioner,

v.

JEANNE S. WOODFORD, Acting Secretary, California Department of Corrections and Rehabilitation,

    Respondent.

No. C 05-04144 WHA

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

Petitioner Richard Stewart has filed a notice of appeal and an application for certificate of appealability. His petition presented questions that deserve further attention, at least after all doubts are resolved in petitioner's favor. The Court therefore **ISSUES A CERTIFICATE OF APPEALABILITY**.

When a petitioner files a notice of appeal, the district judge who considered his petition must either certify his appeal or state why a certificate should not issue. Fed. R. App. Proc. 22(b)(1). Without such a certificate, the petitioner cannot pursue his challenge. A district court may grant a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Such a showing is made if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220

F.3d 1022, 1025 (9th Cir. 2000) (citations omitted).  As the Supreme Court has noted, "a claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail. . . .  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted).  The Ninth Circuit has recognized that it is a "modest standard" that must be met when determining whether to grant a certificate of appealability. *Whelchel v. Washington*, 232 F.3d 1197, 1202 n.1 (9th Cir. 2000).

Given this standard, the Court certifies the following issues for appeal:

1. Whether the trial court violated petitioner's constitutional rights to due process and a fair trial by refusing to instruct the jury that the prosecution could have provided immunity to Maurice Solvang;

2. Whether trial counsel's failure to present evidence which may have suggested that Solvang may have been the killer deprived petitioner of his constitutional right to effective assistance of counsel; and

3. Whether there was any conflict of interest in the representation of petitioner, Solvang, and Terry Guillory by the public defender's office.

These are the only issues for which petitioner has sought a certificate.  The Clerk of the Court shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: June 26, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2